FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 10, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHELE D.,[1] <br><br>　　　　Plaintiff, <br><br>　　v. <br><br> LELAND DUDEK, ACTING COMMISSIONER OF SOCIAL SECURITY,[2] <br><br>　　　　Defendant. | No. 1:23-CV-03132-RHW <br><br> ORDER RULING ON CROSS-MOTIONS FOR REMAND AND REMANDING FOR THE AWARD OF BENEFITS AND CLOSING THE FILE <br><br> **ECF Nos. 9, 20** |

　　　Before the Court is Plaintiff's Opening Brief and the Commissioner's Motion for Remand following the denial of disability insurance benefits and a period of disability under Title II of the Social Security Act. ECF Nos. 9, 20. Attorney D. James Tree represents Plaintiff; Special Assistant United States Attorneys L. Jamala Edwards and Shata Stuckey represent the Commissioner. The parties agree the administrative law judge (ALJ) erred when analyzing the medical opinions, but the parties disagree as to the appropriate remedy. After reviewing the

---

[1] To address privacy concerns, the Court refers to Plaintiff by first name and last initial or as "Plaintiff." *See* LCivR 5.2(c).

[2] Pursuant to Federal Rule of Civil Procedure 25(d), Leland Dudek, Acting Commissioner of Social Security, is substituted as the named Defendant.

ORDER - 1

record and relevant authority, the Court grants Plaintiff's motion to reverse the decision of the Commissioner and remands for the immediate calculation and award of benefits.

## BACKGROUND

The facts of the case are set forth in detail in the transcripts of the proceedings and the ALJ's decision and only briefly summarized here. Plaintiff was born in 1968 and was 49 years old on the date last insured on March 31, 2018. Her past employment includes work as a bakery manager, fast food worker, and cashier.

Plaintiff's application for disability insurance benefits has been pending over a decade, has involved four administrative hearings, and required two prior remands for further proceedings from federal court. At age 44, Plaintiff filed an application for disability insurance benefits in May 2013, claiming disability beginning October 31, 2012, based on migraine headaches, anxiety, obesity, pain, dizziness, and somatoform disorder. Tr. 171-180.

After the agency denied benefits, an administrative hearing was held before ALJ Mary Gallagher Dilley in March 2015. Tr. 35-69. The ALJ denied benefits. Tr. 16-34. In 2018, on appeal to federal court, Judge Salvador Mendoza remanded the matter for further proceedings due to the ALJ's failure to properly consider the medical evidence. Tr. 473-98.

On remand, two further administrative hearings were held. The first hearing occurred in April 2019 before ALJ Dilley and a vocational expert. Tr. 1080-1115. Subsequent to the hearing, ALJ Dilley sent a medical interrogatory to Dr. Arnold Ostrow and Plaintiff requested a supplemental hearing. The supplemental hearing was held in June 2020 before a different ALJ, ALJ Glenn Meyers and a vocational expert. Tr. 407-444. On June 15, 2020, eleven days after the hearing, the ALJ denied benefits, without having reviewed the transcript of the first remand hearing in April 2019. Tr. 386-406. Plaintiff appealed a second time to federal court. The

ORDER - 2

1  Commissioner conceded that the ALJ had erred again in evaluating the medical
2  evidence, this time by giving the opinion of C. Donald Williams, M.D., a
3  psychological consultative examiner, "great weight," but failing to account for the
4  assessed marked limitation in the ability to respond to usual work situations and
5  changes in work setting. Tr. 1215. The ALJ considered the mild and moderate
6  limitations assessed by Dr. Williams, but failed to address his conclusion that
7  Plaintiff was unable to keep a job. Tr. 1216. Judge Mendoza remanded the matter
8  a second time for further proceedings, though noting that Plaintiff's evidence,
9  "when credited, constitutes convincing evidence of disability." Tr. 1209-10.

10  On second remand from federal court, a fourth administrative hearing was
11  held in May 2023 before the same ALJ who had previously denied Plaintiff
12  benefits. Tr. 1145-1175. The ALJ denied benefits on June 30, 2023. Tr. 1116-
13  1144. The ALJ's 2023 decision became the final decision of the Commissioner,
14  which is appealable to the district court pursuant to 42 U.S.C. § 405(g). 20 C.F.R.
15  § 404.984(d). Plaintiff filed this action for judicial review on September 11, 2023.
16  ECF No. 1.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305

ORDER - 3

U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) that Plaintiff can perform other substantial gainful activity and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

## ADMINISTRATIVE DECISION

On June 30, 2023, the ALJ issued a decision denying benefits. Tr. 1116-1144.

ORDER - 4

At step one, the ALJ found Plaintiff, who met the insured status requirements of the Social Security Act through March 31, 2018, had not engaged in substantial gainful activity since the alleged onset date. Tr. 1121.

At step two, the ALJ determined Plaintiff had the following severe impairments: migraine headaches, obesity, cirrhosis of the liver, somatoform disorder, and anxiety disorder. *Id*.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 1122.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform sedentary work, with the following limitations:

> [Plaintiff] must have been provided a sit/stand at will option at work; she could have lifted and/or carried ten pounds occasionally and frequently; she could have no contact with the public; she was capable of working in proximity to but not in coordination with co-workers; she could have had occasional contact with supervisors; she could occasionally stoop and crouch; she could never crawl, kneel, or climb ropes, ladders, scaffolds; she could never work at heights or in proximity to hazardous conditions.

Tr. 1124.

At step four, the ALJ found Plaintiff was unable to perform past relevant work. Tr. 1132.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of production assembler, small products assembler, and electrical accessories assembler. Tr. 1133.

ORDER - 5

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from at any time from the alleged onset date through March 31, 2018, the date last insured. Tr. 1134.

## DISCUSSION

Plaintiff asserts the ALJ erred in (1) improperly evaluating the medical opinion evidence with respect to Dr. Staley, Dr. Ostrow, Dr. Williams, Craig Whittlesey, M.D. and R. Richard Sloop, M.D.; (2) improperly analyzing step three in analyzing Listing 11.02; and (3) improperly evaluating Plaintiff's symptom complaints. Plaintiff seeks a remand for the award and calculation of benefits.

In response, the Commissioner concedes error and agrees remand is appropriate, but only for further proceedings. ECF No. 20.

**A. Legal Standards Governing Scope of Remand**

When the ALJ commits legal error in denying a claim for benefits, the district court "ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). The Social Security Act, however, grants district courts flexibility in certain circumstances to reverse the ALJ's decision and remand for an immediate award of benefits rather than further administrative proceedings. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

Remand for an immediate award of benefits is allowed only when three requirements (collectively referred to as the "credit-as-true" rule) are satisfied: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether that evidence is claimant testimony or a medical opinion; (2) there are no outstanding issues that must be resolved before a disability determination can be made, the record is fully developed, and further administrative proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the record as a whole would require the ALJ to find the claimant disabled on remand. *Leon*, 880 F.3d at 1045; *Garrison v. Colvin*, 759 F.3d 995,

ORDER - 6

1020 (9th Cir. 2014). Even if all three requirements are met, the decision whether to remand a case for further proceedings or simply award benefits is in the court's discretion. *Washington v. Kijakazi*, 72 F.4th 1029, 1041 (9th Cir. 2023). The court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

### B. Proper Remedy

All three steps of the credit-as-true rule are satisfied here. The first requirement is satisfied for multiple reasons. As an initial matter, the Commissioner concedes harmful legal error. The Commissioner explicitly concedes error on two of the six issues raised by Plaintiff. ECF No. 20. It is agreed the ALJ erred in weighing the medical opinions of non-examining doctors, Norman Staley, M.D. and Arnold Ostrow, M.D., and in failing to account for their opined environmental limitations. *Id.* at 5-7. Additionally, Plaintiff has established that the ALJ failed to provide legally sufficient reasons for discounting her symptom claims and harmfully erred in evaluating the evidence of Drs. Williams, Whittlesey, and Sloop. The Commissioner offers only a cursory response as to the ALJ's rejection of Plaintiff's symptom claims, and entirely failed to address Plaintiff's challenges as to the doctors who examined and treated Plaintiff, Drs. Williams, Whittlesey, and Sloop. *Id*. at 9-10, 13. If a party fails to counter an argument that the opposing party makes, the court may treat that argument as conceded. The Court has no obligation to research or manufacture arguments on behalf of litigants. The Commissioner's strategic choice not to substantively respond to these arguments constitutes concession of these issues. *See Hunt v. Colvin*, 954 F. Supp. 2d 1181, 1196 (W.D. Wash. 2013) (construing the Commissioner's failure to respond to an argument as a concession that the plaintiff's argument has merit and finding the "Court will not manufacture a defense on the Commissioner's behalf where Plaintiff has identified an at least

ORDER - 7

plausible error"); *Johnny T. v. Berryhill*, No. 6:18-cv-00829-AA, 2019 WL 2866841, at *2 (D. Or. July 2, 2019) (finding "the Commissioner's failure to substantively respond to Plaintiff's arguments regarding his symptom testimony, medical opinion evidence, and lay witness testimony constitutes a concession of those issues").  As such, the Court concludes that the ALJ erred by: (1) failing to provide specific, clear, and convincing reasons to reject Plaintiff's subjective symptom testimony; and (2) improperly evaluating the opinions of Drs. Staley, Ostrow, Williams, Whittlesey, and Sloop.

     As for the second requirement, the Court finds further administrative proceedings would serve no useful purpose in light of the unusual posture of this case.  Four administrative hearings have been held in this matter.  The administrative record spans in excess of 1600 pages.  Plaintiff applied for benefits in 2013 and this case involves a remote period of disability between October 2012 and March 2018.  Commissioner concedes the record is fully developed, yet claims there remain outstanding issues that must be resolved due to "conflicting medical opinions that must be considered and reconciled" and inconsistencies between Plaintiff's allegations and the evidence.  ECF No. 20 at 7-9.  Notably, Commissioner already successfully obtained a remand for further proceedings on these grounds in 2021.  *See Michele D. v. Saul*, 1:20-cv-3145-SMJ (E.D. Wash. Aug. 2, 2021) (Defendant's Motion for Summary Judgment, ECF No. 25).  Although the Commissioner identifies ways medical opinions described Plaintiff's limitations differently (a circumstance that exists in every social security case), the ALJ has already weighed these medical opinions and failed to properly carry out that evaluation.  The sole alleged "conflict" Commissioner identifies is between the 2021 opinion of Dr. Whittlesey (after the date last insured), providing that Plaintiff was unable to work, and the improperly rejected opinions of Drs. Staley and Ostrow stating Plaintiff was limited in her ability to work.  These opinions do not present a significant conflict as to the relevant period such that a rehearing to

ORDER - 8

reconsider these opinions is necessary. Likewise, the Commissioner identifies normal findings in the record as inconsistencies with Plaintiff's allegations, but fails to connect this evidence to relevant issues that remain which would require rehearing on matters already considered by the ALJ. The Commissioner seeks not to develop unaddressed issues, but rather rehash the very same ones the ALJ has now had multiple opportunities to consider. The Ninth Circuit has stressed that precedent "foreclose[s] the argument that a remand for the purpose of allowing the ALJ to have a mulligan [to revisit the medical opinions and testimony that were improperly rejected] qualifies as a remand for a 'useful purpose' under the . . . credit-as-true analysis." *Garrison*, 759 F.3d at 1021-22 (citations omitted); *Knorr v. Berryhill*, 254 F. Supp. 3d 1196, 1220 (C.D. Cal. 2017) ("[R]emanding for the ALJ to reconsider this evidence, which the ALJ already had an opportunity to review, would simply be allowing the ALJ to have a second bite at the apple."). The record does not require further proceedings.

  Third, if the improperly discredited evidence were credited as true, the ALJ would be required to find Plaintiff disabled on remand. In 2013, Dr. Williams, the consultative psychiatric examiner, opined Plaintiff: had a marked limitation in responding to usual work situations and to changes in routine work setting; had moderate limitations in her ability to make judgments on complex work-related decisions and in her ability to interact appropriately with the public, supervisors and coworkers; and was "quite limited" in her ability to work and behave in a "commercially acceptable manner." Tr. 340-41. In 2015, Plaintiff testified that despite treatment attempts, she had near constant symptoms of headaches and anxiety, an estimated 40 times per month, which caused her to lose sleep and necessitated she sit or lay down. Tr. 51-52, 59. In 2018, Plaintiff's treating provider, Dr. Whittlesey, opined Plaintiff would miss four or more days a month due to chronic fatigue and pain, Plaintiff would need to lie down at least half the day due to weakness and dizziness, and work on a regular and continuous basis

ORDER - 9

would cause her condition to deteriorate. Tr. 961-62. The vocational experts testified a person with this level of absenteeism or need to lie down or take extra breaks on a persistent and ongoing basis would not be able to sustain fulltime work. Tr. 68-69, 441-42, 1111-1112. Plaintiff has satisfied the requirements of the credit-as-true standard.

Finally, the record as a whole does not create serious doubt as to whether Plaintiff was disabled during the relevant period within the meaning of the Social Security Act. *See Garrison*, 759 F.3d at 1021. The Commissioner has not pointed to any particular aspect of this case that raises serious doubt, where the ALJ has already been afforded multiple opportunities to assess the evidence and Plaintiff has offered consistent testimony at four separate hearings. Moreover, the credit-as-true rule is a "prophylactic measure" designed to motivate the Commissioner to ensure that the record will be carefully assessed and to justify "equitable concerns" about the length of time which has elapsed since a claimant has filed their application. *Treichler*, 775 F.3d at 1100. Despite three attempts, the ALJ's decisions continue to not be properly supported, causing extreme delay.

The parties agree the ALJ erred and Plaintiff has established that an award of benefits -- rather than a third remand for a fourth re-evaluation – is appropriate.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is not supported by substantial evidence and not free of harmful error. The record is sufficient, no useful purpose will be served by further proceedings, and there is no serious remaining doubt as to disability. Accordingly, **IT IS ORDERED**:

1. Plaintiff's Opening Brief, **ECF No. 9**, is **GRANTED**. The Commissioner's decision is **REVERSED** and this matter is **REMANDED** to the Commissioner of Social Security for the immediate calculation and award of benefits.

ORDER - 10

2. The Commissioner's Motion for Remand, **ECF No. 20**, is **GRANTED, in part**.

3. Upon proper presentation, the Court will consider Plaintiff's application for fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

The District Court Executive is directed to update the docket sheet to reflect the substitution of Leland Dudek as Defendant, enter this Order, **ENTER JUDGMENT** in favor of Plaintiff, forward copies to counsel, and **CLOSE THE FILE.**

DATED April 10, 2025.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

ORDER - 11